## Hugh Rowan, Appellant, *v.* Henry D. Prettyman and Richard H. Parrish, Individually and Trading as Prettyman & Parrish.

*Negligence—Fall of scaffolding.*

The owners of a building in the course of erection, who have erected a scaffolding for the use of a certain contractor and his men, are not liable for the death of an employee of another contractor caused by the fall of the scaffolding, where it appears that such employee was not upon the scaffold in the performance of any work which he was employed to do.

Argued March 23, 1898.   Reargued Jan. 18, 1899.   Appeal, No. 435, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. Term, 1896, No. 925, on verdict for defendants.   Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ., on argument.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ., on reargument.   Affirmed.

Trespass for death of plaintiff's son.

The facts appear by the opinion of the Supreme Court.

See also Brady v. Prettyman, 193 Pa. 628.

The learned trial judge being of opinion that deceased had no right to be engaged upon this work, and therefore no right upon this scaffold, for that reason gave binding instructions to the jury to find a verdict for the defendants.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendants.

*Thad. L. Vanderslice*, with him *Charles L. Smyth* and *Christopher H. Murray*, for appellant.

No paper-book was filed or oral argument offered for appellees.

OPINION BY MR. JUSTICE MCCOLLUM, January 29, 1900:

Hugh Rowan brought this suit to recover damages for the death of his adult son, caused by the falling of a scaffold erected by direction of the defendants. Hoffner, Brady and Rowan, Jr., were on the scaffold when it fell. It is established by the evidence that the scaffold was constructed for the use of the cornice men in the performance of the work which Bohem & Brothers were required by their contract with the defendants to do. Hoffner was an employee of Bohem & Brothers engaged in the work their contract called for. Brady and Rowan were employees of Simpson & Murray who had a contract with the defendants " to do the slag roofing and tin work." The work which Simpson & Murray contracted with the defendants to do had no connection with the work provided for in the contract with Bohem & Brothers. The entrance of Brady and Rowan upon the scaffold was not within the scope of their employment. It was not authorized by or known to their employers. They were not called to the scaffold in the performance of any work which their employers contracted with the defendants to do. The erection by the defendants of a scaffold on which to do the cornice work was provided for in their contract with Bohem & Brothers, but no such provision was contained in their contract with Simpson & Murray. The obvious reason for this discrimination was that the erection of a scaffold on which to do the work called for in the Simpson & Murray contract was not required for the performance of it.

There is no ground for distinguishing Brady's case from the case at bar. The facts and circumstances were the same in each case. The widow of Brady brought suit to recover damages for the death of her husband, and Rowan brought suit to recover damages for the death of his son. The death of each was caused by their voluntary and unauthorized entry upon the scaffold. Neither of them was at any time in the service of the defendants or called by their employers to go upon the scaffold at any time for any purpose. It was their own unauthorized act, and for the

consequences of it neither Prettyman & Parish nor Simpson & Murray were responsible.

We discover no error in the rulings complained of in the third, fourth, fifth and sixth assignments, nor in the instruction to the jury to render a verdict for the defendants. The assignments of error are therefore dismissed and the judgment is affirmed.